IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:06CV249-MEF |
| ) | |
| DOTHAN RESCUE MISSION, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, ANGELA DENISE NAILS, invokes the court's diversity jurisdiction in this civil case in which she complains that the Dothan Rescue Mission failed to provide proper services. She alleges that

> [t]he Plaintiff is claiming under the rule that the defendant has not provided the plaintiff assistance or service, the Plaintiff has been put out can not touch any services of the HOMELESS SHELTER of Houston County. EXHIBIT A JURISDICTION. Disorderly Conduct 4-1-200 (d) the Defendant imposed onto the Plaintiff.

For the reasons stated in this order, the Magistrate Judge recommends that this action be dismissed, without prejudice, in accordance with the provisions of 28 U.S.C. §§ 1915 (e)(2)(B) (i) and (ii) because the court lacks jurisdiction.

## I.   DISCUSSION

This lawsuit raises no federal question. Instead, Nails seeks damages "of $20,000.000

[sic] from the defendant".

Because the federal court is a court of limited of jurisdiction, ***Kokkonen v. Guardian Life Ins. Co.,*** 511 U.S. 375, 377 (1994), it is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* Accordingly, this court must examine the complaint to determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." ***Univ. of South Ala. v. American Tobacco,*** 168 F.3d 405, 410 (11th Cir.1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." ***Kokkonen,*** 511 U.S. at 377. "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." ***Morrison v. Allstate Indem. Co.,*** 228 F.3d 1255, 1261 (11th Cir.2000).

By specifically citing to 28 U.S.C. § 1332 (a) at the beginning of her complaint, Nails invokes the court's diversity jurisdiction, requiring that the plaintiffs and defendants be citizens of different states. In her Motion to Proceed In Forma Pauperis (Doc. # 2), Nails lists her address as

> 342 South Saint Andrews Street
> Ap. 808
> Dothan, Alabama 36301

Although her complaint does not list an address for the Dothan Rescue Mission, the court

must assume that it is located in Dothan, Alabama.

Thus, both parties to this lawsuit are residents of Alabama; indeed they are residents of the same city. Title 28 U.S.C. § 1332(a) provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> > (1) citizens of different States;
> > (2) citizens of a State and citizens or subjects of a foreign state;
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different states.

The face of the complaint reveals that none of the above circumstances are met by the residents of the plaintiff and the defendants. Moreover, a plaintiff properly "invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000". ***Arbaugh v. Y & H Corp.***, 126 S. Ct. 1235, 163 L.Ed.2d 1097, 1109 (2006). Nails' own complaint makes it clear that she has alleged only $20,000 in damages. Thus, this court lacks jurisdiction in this case. *See* ***Southern Bakeries, Inc. v. Knipp***, 852 So.2d 712 (Ala. 2003).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action and Nails' claims be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **6 April 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 24th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE